UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IRON WORKERS ST. LOUIS DISTRICT COUNCIL ANNUITY TRUST, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:15-CV-00713-AGF |
| UNITED IRONWORKERS, INC., et al., | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion (Doc. No. 13) to dismiss or, in the alternative, for a more definite statement, filed by Defendant United Ironworkers, Inc. For the reasons set forth below, the motion shall be granted in part and denied in part.

## **BACKGROUND**

Plaintiffs, three employee benefit funds ("funds") and their fiduciaries, filed this suit against Defendant under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, claiming that Defendant failed to timely make contributions to the funds as required under the collective bargaining agreements ("CBAs") between Defendant and its employees' six unions. Plaintiffs do not specifically identify the CBAs at issue, or the time periods that they cover. However, Plaintiffs allege generally that the CBAs require Defendant to make contributions to the funds at specified rates for hours worked by employees in covered employment within the jurisdiction of the unions.

Plaintiffs allege that they conducted an audit of Defendant for the period of January 1, 2010 to June 30, 2014, and the audit resulted in a finding of a delinquency owed to Plaintiffs totaling $536,159.79. In addition to this amount, Plaintiffs allege that Defendant is liable for interest on the delinquent payments, liquidated damages, attorney's fees, accounting fees, and costs, all of which Plaintiffs assert is required under the CBAs and certain trust documents adopted by the trustees of the funds.

Defendant moves for dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, for a more definite statement under Rule 12(e). Defendant argues that Plaintiffs' complaint does not satisfy federal notice pleading requirements because it does not state the number of hours purportedly worked by the employees, does not explain or attach the CBAs or trust documents on which it relies, and groups together in a single count claims based on six different CBAs and three different funds, without identifying the amount allegedly due to each Plaintiff pursuant to each CBA. If the Court does not dismiss the complaint, Defendant argues that Plaintiffs must replead their complaint to make it more definite, by separating into different counts the amounts claimed to be due to each Plaintiff pursuant to each CBA, and by including hours worked by the relevant employees.

Plaintiffs reply that their complaint provides Defendant adequate notice of their claims and need not be repleaded into separate counts because all claims depend upon the same contractual obligation (a provision requiring contributions) and the same basis for damages (the audit).

## **DISCUSSION**

To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court must accept the plaintiff's factual allegations as true and construe them in plaintiff's favor, but it is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Iqbal*, 556 U.S. at 678; *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012). A court must "draw on its judicial experience and common sense," and consider the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (quoting *Iqbal,* 556 U.S. at 679).

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The federal pleading rules also provide that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense." Fed. R. Civ. P. 10(b). However, "[u]nder Rule 10(b), a separation of claims into separate counts is mandatory only when necessary to facilitate clear presentation." *CitiMortgage, Inc. v. Chicago Bancorp, Inc.*, No. 4:12CV246 CDP, 2012 WL 1660825, at *1 (E.D. Mo. May 11, 2012) (citation omitted). "The remedy of repleader based on violation of Rules 8 and 10 has generally been reserved for egregious cases where a defendant does not know the basic facts that constitute the claim for relief

against it." *Superior Edge, Inc. v. Monsanto Co*., 44 F. Supp. 3d 890, 898 (D. Minn. 2014) (citation omitted).

Upon review, the Court finds that at this early stage, Plaintiffs are not required to plead detailed facts regarding the specific terms of the CBAs, the specific number of hours worked by each employee, or the specific findings of Plaintiffs' audit of Defendant. These facts may be explored in discovery.[1] *See NEXTEP, LLC v. Kaba Benzing Am., Inc*., No. 4:07CV1107 RWS, 2007 WL 4218977, at *3 (E.D. Mo. Nov. 29, 2007) ("[T]he particular details on how NEXTEP accepted Kaba's contract offer, and all of the other specific facts requested by Kaba are more properly issues to be explored in discovery."); *Plumbers & Fitters Local 101 v. Hirth Plumbing & Heating Co*., No. 09-0853-DRH, 2010 WL 487074, at *2 (S.D. Ill. Feb. 8, 2010) (holding that a complaint was "sufficient to state a cause of action for failure to timely submit contributions pursuant to ERISA" where it alleged that the defendant was party to, and bound by, collective bargaining agreements requiring contributions; that the defendant failed to submit the contributions for a specified period of time; and that the defendant was therefore liable for the unpaid contributions plus interest).

Likewise, the Court finds that, although Plaintiffs could have separated their claims by Plaintiff and/or by CBA, such pleading strategy is not necessary for a clear understanding of Plaintiffs' claims against Defendant. Plaintiffs assert that all of their

---

[1] The Court also notes that it appears that Plaintiffs have already produced the audit report to Defendant. Defendant attached the audit to its reply in support of this motion, and in its reply brief, Defendant referred to portions of the audit in order to defend against Plaintiffs' claims on the merits. (Doc. Nos. 16 & 16-1.)

claims depend on the same contractual obligation and the same basis for damages (the audit).  It is not necessary for Plaintiffs to plead their claims in separate counts.  *See CitiMortgage*, 2012 WL 1660825, at *2 (holding that where the plaintiff's complaint adequately set forth the basis for its demand, which was based on a single contractual provision as applied to multiple loans, the plaintiff was not required to plead its claims in separate counts).

However, the Court finds problematic that Plaintiffs have not even identified the CBAs at issue, or what time periods they cover.  Without even these minimal facts, the Court finds that the complaint is too vague or ambiguous for Defendant to reasonably prepare a response.  Therefore, the Court will grant Defendant's motion for a more definite statement to the extent that Plaintiffs must replead the complaint to specifically identify the contracts at issue and the time periods they cover.

## **CONCLUSION**

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss or, in the alternative, for a more definite statement is **GRANTED in part** and **DENIED in part**. (Doc. No. 13.)   The motion is **GRANTED** to the extent it seeks a more definite statement of the contracts at issue and the time periods they cover, and the motion is **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that on or before **August 27, 2015**, Plaintiffs shall file an amended complaint that specifically identifies the contracts at issue and the time

periods they cover.  Failure to do so may result in the dismissal of Plaintiffs' complaint.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 13th day of August, 2015.