UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IRON WORKERS ST. LOUIS DISTRICT COUNCIL ANNUITY TRUST, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| UNITED IRONWORKERS, INC., | ) ) ) |
| Defendant. | ) |

No. 4:15-CV-00713-AGF

## **MEMORANDUM AND ORDER**

This matter is before the Court following the Court's September 8, 2016 Memorandum and Order, which granted in part and denied in part the parties' cross motions for summary judgment in this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1145, to recover delinquent fringe benefit contributions. The Court granted Defendant's motion in part, to the extent it sought judgment on Plaintiffs' claims relating to alleged delinquent contributions based on bonuses, hours worked by two individuals known as the Edwards Brothers, and hours worked by ironworkers in Indiana. The Court denied Plaintiffs' motion to this extent; and otherwise granted Plaintiffs' motion, including Plaintiffs' request for its audit costs of $41,407.75 and Plaintiffs' request to compel a further audit for the period of July 1, 2014 to the present. With respect to audit costs, the Court held that audit costs were

assessable against the Defendant under the parties' agreements and that Defendant had not asserted that the amount of the audit costs was unreasonable.[1]

In connection with these rulings, the Court held that it would deduct from Plaintiffs' request for damages the amounts representing alleged delinquent contributions, liquidated damages, and interest relating to bonuses, the Edwards Brothers, and hours worked by ironworkers in Indiana. The Court ordered the parties to confer and submit their agreed or respective positions as to these amounts. The Court stated that it would enter final judgment after resolving this issue.

In their responses to the Court's September 8, 2016 Memorandum and Order (Doc. Nos. 57 & 58), the parties state their agreement that, after deducting amounts representing alleged delinquent contributions, liquidated damages, and interest relating to bonuses, the Edwards Brothers, and hours worked by ironworkers in Indiana, Plaintiffs'

---

[1] In response to Plaintiffs' statement of undisputed facts, which stated that Plaintiffs incurred audit costs of $41,407.75 and cited in support thereof the auditor's affidavit attesting to this fact, Defendant merely stated that it was "without sufficient knowledge or information to admit or deny the Plaintiffs' accounting costs and therefore denies the same." (Doc. No. 47 at 9.) Local Rule 7–4.01 requires each memorandum in opposition to summary judgment to set forth the material facts as to which a genuine issue exists, including "specific references to portions of the record" upon which the opposing party relies. L.R. 7–4.01(E). Unless specifically controverted, all matters set forth in the statement of the movant are deemed admitted. *Id.* The Eighth Circuit has held that a district court does not abuse its discretion when it deems admitted those statements of undisputed facts that violate the local rules. *Libel v. Adventure Lands of Am., Inc.*, 482 F.3d 1028, 1032 (8th Cir. 2007).

Because Defendant did not provide evidence contesting Plaintiffs' statement of material fact regarding the amount of audit costs incurred (which was supported by evidence), the Court deemed that statement admitted. Defendant nowhere argued that the amount of Plaintiffs' audit costs was unreasonable.

remaining unpaid contributions, liquidated damages, and interest total $95,854.99.[2] *See* Doc. Nos. 57 & 58. Therefore, the Court will award Plaintiffs this amount.

However, Defendant raises two additional issues in its response. First, Defendant argues that the Court should reconsider its award of audit costs because Plaintiffs have not presented to Defendant or the Court a statement of audit services rendered in order to assess the reasonableness of these costs. Defendant also argues that the audit costs should be apportioned to deduct costs related to audit findings on which Plaintiffs did not prevail (regarding bonuses, the Edwards Brothers and Indiana ironworkers). Second, Defendant argues that it is entitled to attorneys' fees because it prevailed to a large extent on Plaintiffs' claims. Defendant has not filed a separate motion to reconsider or a motion for attorneys' fees.

In its own response to the Court's September 8, 2016 Memorandum and Order, Plaintiffs argue that Defendant's challenge to the audit costs is untimely. Plaintiffs argue that Defendant could have challenged the reasonableness of Plaintiffs' request for audit costs in opposition to Plaintiffs' motion for summary judgment, and that Defendant should not be able to do so now, after the Court has already ruled on this issue. Plaintiffs also note that Defendant never asserted that it needed more discovery on the issue of Plaintiffs' audit costs. Regarding Defendant's request to apportion the audit costs, Plaintiffs cite several cases for the proposition that, in the analogous context of requests for attorneys' fees under ERISA, courts have rejected a "proportionality rule" that would

---

[2] Although Defendant does not dispute this calculation, Defendant reserves its right to challenge on appeal the Court's finding as to Defendant's liability on the merits.

reduce fee awards in some proportion to the plaintiff's damages. *See United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 294 (3d Cir. 2007) (rejecting argument that the court should reduce attorneys' fees of $28,623.14 to make the fees proportional to the plaintiff's damages consisting of $1,928.00 in unpaid contributions).

With respect to Defendant's request for attorneys' fees, Plaintiffs state that Defendant is not entitled to attorneys' fees under ERISA or otherwise, and that Defendant has not submitted documentation substantiating the amount of attorneys' fees incurred. In any event, Plaintiffs state that they reserve the right to submit a separate motion for attorneys' fees and to respond to any motion for attorneys' fees filed by Defendant.

The Court agrees that Defendant could and should have asserted its objection to Plaintiffs' request for audit costs in its opposition to Plaintiffs' motion for summary judgment. *See Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 923 (8th Cir. 2015) (holding that, generally, a "motion for reconsideration is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending"). Moreover, Defendant has not cited, and the Court has not found, any authority for Defendant's request to apportion or reduce audit costs because Plaintiffs did not prevail on all aspects of their claims. Therefore, the Court rejects Defendant's request to apportion or reduce audit costs on this basis.

However, recognizing that it is Plaintiffs' burden to demonstrate the reasonableness of the audit costs incurred, *see Trustees of Chicago Plastering Inst. Pension Trust v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009), the Court will

exercise its discretion to reserve entering a final award of audit costs until Plaintiffs submit documentation substantiating these costs.  The Court will allow Defendant to challenge the reasonableness of Plaintiffs' request for costs, but as discussed above, it will not consider any request by Defendants to apportion or reduce the costs because Plaintiffs did not prevail on all aspects of their claims.  The Court will also reserve ruling on any request for attorneys' fees until the parties file appropriate motions with supporting memoranda and documentary evidence.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that summary judgment is entered on behalf of Plaintiffs and against Defendant in the amount of $95,854.99.

**IT IS FURTHER ORDERED** that Plaintiffs' request for audit costs shall be made by separate motion, with any supporting documentary evidence, within **21 days** after the date of this Order.  Defendant may file an opposition brief within 14 days after being served with the motion, and any reply shall be due within 7 days thereafter.

**IT IS FURTHER ORDERED** that any motion for attorneys' fees shall be filed in accordance with the deadlines set forth in Local Rule 8.02.

**IT IS FURTHER ORDERED** that the trial setting of **October 11, 2016** is **VACATED**.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 26th day of September, 2016.