UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

IRON WORKERS ST. LOUIS DISTRICT )
COUNCIL ANNUITY TRUST, et al., )
 )
    Plaintiffs, )
 )
    v. ) Case No. 4:15-CV-00713-AGF
 )
UNITED IRONWORKERS, INC. )
 )
    Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on cross motions for fees and costs in this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1145, to recover delinquent fringe benefit contributions. For the reasons set forth below, the Court will deny Defendant's motion and will grant Plaintiffs' motion to the extent that the Court will award Plaintiffs 40% of their requested attorney's fees ($28,343.34 of $70,858.35) and audit costs ($16,563.10 of $41,407.75), and the full amount of their requested court costs ($1,931.22).

## BACKGROUND

On September 8, 2016, the Court granted in part and denied in part the parties' cross motions for summary judgment, and ordered that Plaintiffs were entitled to recover only a portion of the $754,293.26 in delinquent contributions, liquidated damages, and interest they sought. (Doc. No. 56.) Specifically, the Court held that Defendant was not

responsible for contributions based on bonuses (representing roughly 80% of Plaintiffs' claim), hours worked by two individuals not employed by Defendant, and hours worked by ironworkers in Indiana; but that Defendant was responsible for the remaining contributions sought by Plaintiffs. The Court also granted Plaintiffs' request for their audit costs of $41,407.75, upon finding that such costs were assessable against Defendant under the parties' contracts,[1] that the amount of the costs was supported by the auditor's affidavit, and that Defendant had not contested the amount or asserted that the amount was unreasonable. The Court ordered the parties to confer and submit their agreed or respective positions as to the amount of delinquent contributions, liquidated damages, and interest remaining after the deducting the amounts for which the Court found Defendant was not responsible.

In their responses to the Court's September 8, 2016 Memorandum and Order, the parties stated that they agreed that the amount of delinquent contributions, liquidated damages, and interest owed by Defendant pursuant to the Court's findings was

---

[1] The parties' agreements provide:

> If an audit is conducted with the cooperation of the Employer in providing the requested documentation and responding to any follow up questions; no significant discrepancies are found; and any amounts determined to be due are paid without the need for collection efforts then the cost of the audit will be paid by the Fund. In all other cases, the cost of the audit will be assessed against the Employer.

(Doc. No. 45-30 at 12.) The Court concluded that because the audit found significant discrepancies (at least some of which the Court upheld), and because the amounts determined to be due were the subject of this litigation, the cost of the audit was assessable against Defendant under the parties' contract.

$95,854.99. However, in its response, Defendant also argued that the Court should reconsider its award of audit costs because Plaintiffs did not present to Defendant or the Court sufficient documentation in support of its request and because Plaintiffs should not be able to recover for audit costs related to audit findings on which Plaintiffs did not prevail (such as those relating to bonuses). Defendant also asserted that it was entitled to attorney's fees because it prevailed on some aspects of Plaintiffs' claims.

In their response, Plaintiffs argued that Defendant's challenge to the audit costs was untimely and without merit, and that Plaintiffs, not Defendant, were entitled to attorney's fees.

Based on the parties' responses, on September 29, 2016, the Court entered summary judgment on behalf of Plaintiffs and against Defendant in the amount of $95,854.99 in delinquent contributions, liquidated damages, and interest. (Doc. No. 59.) The Court declined to reduce the award of audit costs at that time because Defendant had not cited any authority for its request to reduce audit costs otherwise assessable under the parties' contract, on the basis that Plaintiffs did not recover the entire amount of contributions sought. However, the Court ordered Plaintiffs to submit a new motion for audit costs, supported by appropriate documentation, and provided Defendant a renewed opportunity to contest the reasonableness of those costs. The Court also held that it would reserve ruling on any request for attorney's fees until the parties filed appropriately supported motions.

In their current motion, Plaintiffs provide documentation to support their request for the $41,407.75 in audit costs, and Plaintiffs also seek $70,858.35 in attorney's fees and $1,931.22 in court costs, pursuant to 29 U.S.C. § 1132(g)(2). (Doc. No. 60.) Defendant has filed an opposing motion seeking $100,347.33 in its own attorney's fees and court costs, pursuant to 29 U.S.C. § 1132(g)(1), on the ground that it prevailed to a large extent on Plaintiffs' claims. (Doc. No. 61.) Both motions are supported by affidavits and billing records.

## DISCUSSION

**Attorney's Fees**

As an initial matter, the Court finds that Defendant is not entitled to attorney's fees and costs. The relevant provision of ERISA, 29 U.S.C. § 1132(g), provides:

> (1) In any action under this subchapter (*other than an action described in paragraph (2)*) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.
>
> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan-- . . . (D) reasonable attorney's fees and costs of the action, to be paid by the defendant[.]

29 U.S.C. § 1132(g) (emphasis added). This section indicates that the Court "in all situations save one has discretion to make fee awards to either party, but that *fees must be awarded to the plan if a fiduciary prevails* in an action to recover delinquent contributions." *Carpenters S. California Admin. Corp. v. Russell*, 726 F.2d 1410, 1415

(9th Cir. 1984); *see also Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252 (2010) (noting that "in ERISA actions under § 1145 . . . , only plaintiffs who 'obtain a judgment in favor of the plan' may seek attorney's fees"). Because the Court awarded a judgment in favor of Plaintiffs in their action to enforce § 1145, the Court must award Plaintiffs their reasonable attorney's fees and costs under § 1132(g)(2), and the Court may not make such an award to Defendant under § 1132(g)(1). The Court will therefore deny Defendant's motion for attorney's fees and costs.

With respect to Plaintiffs' request for attorney's fees, the Eighth Circuit has held that the determination of a reasonable attorney's fee award under § 1132(g)(2) is a matter within the sound discretion of the trial court. *See Greater Kansas City Laborers Pension Fund v. Thummel*, 738 F.2d 926, 931 (8th Cir. 1984). The usual method of calculating reasonable attorney's fees is to multiply the hours reasonably expended in the litigation by a reasonable hourly fee, producing the "lodestar" amount. *See, e.g., Local 513, Int'l Union Operating Eng'rs v. Larry Ortmann Contracting, Inc.*, No. 4:08-CV-1177 CAS, 2009 WL 151698, at *2 (E.D. Mo. Jan. 22, 2009).

The Eighth Circuit has also cited with approval a 12-factor test for determining the reasonableness of attorney's fee awards under ERISA: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount

involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) the awards in similar cases. *Thummel*, 738 F.2d at 931 (citing *Seymour v. Hull & Moreland Eng'g,* 605 F.2d 1105, 1117 (9th Cir. 1979)). Application of these factors may vary from case to case, *id.*, but "the most critical factor is the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

In analyzing federal fee-shifting statutes generally, the United States Supreme Court has cautioned that, although an attorney should recover a fully compensatory fee where a plaintiff has obtained excellent results, "[i]f, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Id.* "This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Id.* "There is no precise rule or formula for making these determinations," but "where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained," which may involve "simply reduc[ing] the award to account for the limited success." *Id.* at 440. *See also Geissal ex rel. Estate of Geissal v. Moore Med. Corp.*, 338 F.3d 926, 936 (8th Cir. 2003) (holding in an ERISA case that "[a] reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole"); *but see Anderson v. AB Painting & Sandblasting Inc.*, 578

6

F.3d 542, 545 (7th Cir. 2009) (noting in dicta that the practice of reducing ERISA attorney's fees awards "where a plaintiff recovers a very small percentage of damages claimed . . . seems to be losing favor").

In this case, Defendant does not challenge the reasonableness of Plaintiffs' attorneys' hourly rates, but it challenges the amount of the fee award relative to Plaintiffs' limited success. In light of the fact that Plaintiffs recovered a little more than 12.5% of the amount sought ($95,854.99 of $754,293.26), and lost on their main legal argument (regarding bonuses), the Court agrees with Defendant that a reduced attorney's fee award is appropriate. Defendant argues that the $70,858.35 in attorney's fees sought by Plaintiff should be reduced by 88%. However, upon consideration of all of the factors listed above, the Court finds that a 60% reduction is sufficient. *Cf. Teamsters Health v. Courier-Post Co.*, No. 15-844 (JS), 2016 WL 3922634, at *3 (D.N.J. July 18, 2016) (reducing ERISA attorney's fee award under § 1132(g)(2) by 60% where the plaintiffs' recovery was only 23% of what they sought because the plaintiffs did not prevail on a "personal holidays" issue that was the focus of the litigation); *Barnett v. S. California Edison Co. Long Term Disability Plan*, No. 112CV00130LJOSAB, 2016 WL 4077721, at *24 (E.D. Cal. July 5, 2016) (finding in an ERISA case that "a 60 percent reduction is an appropriate reduction of the hours requested that accounts for [the plaintiff's failure to prevail on the main legal issue in this case"). Therefore, the Court will reduce the attorney's fees award to $28,343.34.

**Audit Costs**

The Court will apply the same deduction to Plaintiffs' request for audit costs. Defendant does not contest the reasonableness of the auditors' hourly rates, and the Court is satisfied that Plaintiffs have provided sufficient documentation to substantiate their request for costs. But Defendant again argues that the $41,407.75 that Plaintiffs seek in audit costs should be reduced by 88%, based on Plaintiffs' limited success. Upon the Court's own review of caselaw that the Court finds persuasive and considering the circumstances of this case—particularly, the Court's finding that the auditor's assumptions as to most of the contributions claimed to be owed were contractually unwarranted—the Court believes that reconsideration of the audit cost award is appropriate. The Court will therefore reduce the audit costs sought by Plaintiffs by 60%, to $16,563.10. *See Morin v. Nu-Way Plastering Inc.*, No. CV 03-405 (LDW)(ARL), 2005 WL 3470371, at *4 (E.D.N.Y. Dec. 19, 2005) ("Reasonableness [of an audit costs award] may be determined by applying the same standards that generally apply to attorneys' fees awards."); *Trs. of Bricklayers & Allied Craftworkers Local 5 N.Y. Retirement v. Helmer-Cronin Const., Inc.*, No. 03 CIV. 0748 (MDF), 2005 WL 3789085, at *8 (S.D.N.Y. Oct. 24, 2005) (finding with respect to contractually-authorized audit costs in an ERISA claim, that a reduction of 50% was warranted where there was a "significant discrepancy" between the amount of unpaid contributions first calculated by the auditor and the amount found to be actually owed, and where "the Trustees

apparently erroneously advised [the auditor] to conduct the audit under the assumption that the subcontracts were for labor only").

**Court Costs**

The Court finds that Plaintiffs are entitled to the full amount of court costs sought ($1,931.22), as taxable costs under 28 U.S.C. § 1920. *See Emmenegger v. Bull Moose Tube Co.*, 33 F. Supp. 2d 1127, 1132 (E.D. Mo. 1998) (finding that the term "costs" in 29 U.S.C. § 1132(g) refers to the same items of "costs" listed in 28 U.S.C. § 1920). Defendant has not asserted that any of the court costs itemized in Plaintiffs' motion (filing and service fees, fee for copies, and fees for deposition transcripts) are objectionable, and the Court finds that these costs are recoverable under § 1920. *See* 29 U.S.C. §§ 1920(1), (2), (4).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion (Doc. No. 60) for attorney's fees, costs, and audit costs is **GRANTED** in the following amounts: $28,343.34 in attorney's fees, $16,563.10 in audit costs, and $1,931.22 in court costs. These amounts shall be added to the Court's prior award of summary judgment in favor of Plaintiffs in the amount of $95,854.99.

**IT IS FURTHER ORDERED** that Defendant's motion for attorney's fees is **DENIED**. (Doc. No. 61.)

All claims against all parties having been resolved, a separate Judgment, showing Defendant's full liability of $142,692.65, shall accompany this Memorandum and Order.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 9th day of December, 2016